**E-Filed 03/09/11**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY D. ROUGHGARDEN<br><br>Plaintiff,<br><br>v.<br><br>YOTTAMARK, INC. and ADP TOTAL SOURCE<br><br>Defendants. | Case Number 5:10-CV-04098 JF (PSG)<br><br>**ORDER[1] GRANTING IN PART AND DENYING IN PART MOTIONS TO DISMISS**<br><br>Re: Docket Nos. 16, 17. |

On September 13, 2010, Plaintiff Jeffrey D. Roughgarden filed the instant action against YottaMark, Inc. and ADP Total Source (collectively "Defendants") alleging employment discrimination and wrongful termination on the basis of age, race, national origin, and disability in violation of Title VII of the of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, and the California Fair Employment and Housing Act ("FEHA"), CAL. GOV'T CODE §§ 12900-12996. Defendants move to dismiss for failure to state a claim upon which relief may be granted. For the reasons set forth below, the motions will be granted in part and denied in part with leave to amend.

## I. BACKGROUND

---

[1] This disposition is not designated for publication in the official reports.

Roughgarden is sixty years old and Caucasian.[2]  Compl. ¶ 15, 16.  He received a doctoral degree in "Engineering-Economic Systems" from Stanford University in 1982.  Id. ¶ 9.  On December 18, 2007, Roughgarden was hired as a "Staff Data Base Architect" by YottaMark, Inc. ("YottaMark"), a California corporation whose principal place of business is in Redwood City, California.  Id. ¶¶ 9, 6.  He claims that because YottaMark acted in concert with ADP Total Source ("ADP"), a Delaware corporation whose principal place of business is in Florida and that serves as YottaMark's human resources manager, both YottaMark and ADP were his employers during his tenure at YottaMark.  Id. ¶¶ 7, 8.

Roughgarden was responsible for the creation and implementation of YottaMark's database, encryption and decryption codes, and back-end web services.  Id. ¶ 10.  He alleges that his performance reviews and relationships with his co-workers were "exemplary" until February 24, 2009, at which point he received a Performance Improvement Plan ("PIP") from YottaMark's Vice President of Product Development.  Id. ¶ 11.  Roughgarden received the PIP a day after he returned to work from a four-day leave of absence to undergo invasive back surgery.  Id.  The PIP allegedly stated that he had failed to communicate with his supervisors regarding his surgery and that he did not "fit in."  Id. ¶¶ 11, 17.  Roughgarden alleges that he informed his superiors of the surgery before it took place and worked from home during his four-day absence from the office.  Id. ¶ 17.  He also alleges that the PIP was very vague and lacked supporting documentation, but that he did not respond to it in writing for fear of retaliation and because he still was recovering from surgery.  Id. ¶ 11.

Roughgarden claims that beginning on February 24, 2009, YottaMark and ADP discriminated against him by imposing unreasonable performance expectations upon him and subjecting him to severe disciplinary actions relative to others similarly situated or whose job performance was inferior to his own.  Id. ¶ 14.  Specifically, he claims that YottaMark and ADP

---

[2] The facts in this section are taken from the Plaintiff's complaint and documents that are judicially noticeable.  The Court assumes these facts to be true and construes them in the light most favorable to Plaintiff for purposes of the instant motions.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

treated him differently from and in a "more punitive manner" than his Asian co-workers, who were "encouraged or allowed to segregate themselves socially, if not professionally" from him, "the outsider Caucasian." *Id.* ¶¶ 14, 16. Roughgarden alleges that his Asian co-workers would "habitually have lunch as a group and speak Mandarin and/or Cantonese" even though they were aware that he did not speak either of those languages and "could not possibly fit in." *Id.* ¶ 16.

Roughgarden also claims that YottaMark has a "youth oriented" policy whose purpose is to attract younger employees, especially those of Asian origin or descent, and to reduce its number of older employees. *Id.* ¶ 15. He alleges that three employees who were terminated before or after his own termination were older than forty-five and were replaced by younger employees. *Id.*

Roughgarden was terminated by YottaMark on September 15, 2009. *Id.* ¶ 12. He allegedly was told by YottaMark's Vice President of Product Development that his termination was a result of his poor job performance and failure to fit in. *Id.* ¶¶ 11, 13, 14. Roughgarden claims that the stated reasons for his termination were pretextual and that the "real reasons" were his age, race, national origin, and "prior disability." *Id.* ¶ 14. On March 16, 2010, he filed an employment discrimination claim with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"). He received a right-to-sue letter from the EEOC on June 14, 2010.[3] *Id.* ¶ 18.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. Rule 8(a) requires a plaintiff to plead his claim with sufficient specificity to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[3] The instant action falls within the statute of limitations, as Roughgarden filed it within ninety days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(b).

3

alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). A court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). If a complaint lacks facial plausibility, a court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

### III. DISCUSSION

**A.  Roughgarden Fails to State a Claim for Discrimination on the Basis of Age Under Title VII of the Civil Rights Act but Does State a Claim Under FEHA**

Title VII of the Civil Rights Act prohibits employment discrimination on the basis of a person's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2. Because discrimination on the basis of age does not fall within the coverage of Title VII, Roughgarden fails to state a claim for relief under Title VII for age discrimination.[4]

To maintain a claim for age discrimination under FEHA, a plaintiff must show that he was (1) at least forty years old, (2) performing his job in a satisfactory manner, (3) discharged, and (4) either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008); *see also* CAL. GOV'T CODE § 12920. Roughgarden does not state whether he was replaced by a younger employee or whether Defendants had a continuing need for his skills and services after he was terminated. As a result, he "must come forward with additional direct, circumstantial, or statistical evidence that age was a factor in his termination." *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1422 (9th Cir. 1990). Roughgarden alleges that three of his co-workers, each older than forty-five, were terminated and replaced by younger employees, and that YottaMark has a youth-oriented policy designed to reduce its number of older employees. These allegations in combination are

---

[4] The federal statute relevant to claims for employment discrimination on the basis of age is the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634.

sufficient to "nudge" his claim of age discrimination "across the line from conceivable to plausible," because they contain circumstantial evidence to suggest plausibly that Defendants acted with discriminatory intent. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1951 (2009); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511-12 (2002). Accordingly, Roughgarden states a claim for relief under FEHA for age discrimination.

**B.     Roughgarden Fails to State a Claim for Discrimination on the Basis of Race Under Either Title VII of the Civil Rights Act or FEHA**

To maintain a claim for racial discrimination in violation of Title VII, a plaintiff must show that (1) he was a member of the protected class, (2) he was performing his job in a satisfactory manner, (3) he was discharged, and (4) his employer sought a replacement with qualifications similar to his own or that his employer continued to need the same services or skills that he provided. *Sengupta v. Morrison-Knudsen Co., Inc.*, 804 F.2d 1072, 1075 (9th Cir. 1986). Roughgarden fails to satisfy the fourth element of this test because he does not state whether he was replaced by another person or whether Defendants had a continuing need for his skills. When a plaintiff fails to plead all of the elements of an employment discrimination claim, his complaint must contain additional direct, circumstantial, or statistical evidence that gives rise to an inference of discrimination to survive dismissal. *See Rose*, 902 F.2d at 1422. The instant complaint lacks this required evidence, as Roughgarden's allegations that his Asian *co-workers* excluded him from their foreign-language conversations is insufficient to give rise to the inference that his *employer* discriminated against him on the basis of his race.

Because Roughgarden fails to state a claim for racial discrimination under Title VII, he also fails to state a claim for racial discrimination under FEHA, as California courts apply the Title VII framework developed in federal precedent to discrimination claims brought under FEHA. *Metoyer v. Chassman*, 504 F.3d 919, 941 (9th Cir. 2007) (citing *Guz v. Bechtel Nat. Inc.*, 8 P.3d 1089, 1113 (Cal. 2000)) ("Because of the similarity between state and federal employment discrimination laws, California courts look to pertinent federal precedent when applying our own statutes.").

**C.     Roughgarden Fails to State a Claim for Discrimination on the Basis of National Origin Under Either Title VII of the Civil Rights Act or FEHA**

To maintain a claim for discrimination on the basis of national origin in violation of Title VII, a plaintiff must show that he (1) belongs to a protected class, (2) was performing according to his employer's legitimate expectations, (3) suffered an adverse employment action, and (4) other employees with qualifications similar to his own were treated more favorably. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 640, n.5 (9th Cir. 2003). Roughgarden fails to satisfy the first prong of this test because he does not establish that he is a member of a protected class under Title VII. He alleges that he is Caucasian, a fact which is relevant to a claim based upon race but which is insufficient to establish his national origin. *See id.* at 642, n.20 (noting that when a plaintiff alleges discrimination on the basis of his national origin, references to his race in support of his allegations are inapposite).

Because Roughgarden fails to state a claim for discrimination based on national origin under Title VII, he also fails to state a claim for discrimination based on national origin under FEHA. As discussed above, California courts apply the Title VII framework developed in federal precedent to discrimination claims brought under FEHA. *See Metoyer*, 504 F.3d at 941.

**D.    Roughgarden Fails to State a Claim for Discrimination on the Basis of Disability Under Either Title VII of the Civil Rights Act or FEHA**

Title VII prohibits discrimination on the basis of a person's race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2. Because discrimination on the basis of disability does not fall within the coverage of Title VII, Roughgarden fails to state a claim for relief under Title VII for disability-based discrimination.[5]

To maintain a claim for discrimination on the basis of disability in violation of FEHA, a plaintiff must show that he (1) is disabled, (2) can perform the essential functions of his job with or without reasonable accommodation, (3) suffered an adverse employment action, and (4) the adverse employment action was due to his disability. *See Brundage v. Hahn*, 57 Cal. App. 4th 228, 236 (Cal. Ct. App. 1997). Because the first prong of this test is not satisfied even under the most liberal interpretation of the present complaint, Roughgarden fails to state a claim for

---

[5] The federal statute relevant to claims for employment discrimination on the basis of disability is Title I of the Americans with Disabilities Act, 42 U.S.C. §§ 12111-12117.

discrimination based on disability under FEHA.

To satisfy the first element, Roughgarden must show that he has an impairment that limits his ability to participate in a major life activity. *See* CAL. GOV'T CODE § 12926(k)(1)(B); *see also Bryan v. United Parcel Service, Inc.*, 307 F. Supp. 2d 1108, 1111 (N.D. Cal. 2004). An impairment "limits a major life activity if it makes the achievement of the major life activity difficult." CAL. GOV'T CODE 12926(k)(1)(B)(ii). "Working" is a major life activity. CAL. GOV'T CODE 12926(i)(1)(C). The instant complaint does not state the nature of Roughgarden's impairment; instead, it references the back surgery he underwent a few months before he was terminated. Though this reference may suggest an impairment, Roughgarden does not allege that such impairment limited his ability to participate in a major life activity. Indeed, the present complaint does not indicate that his back problems, either before or after his surgery, made the performance of his job difficult. To the contrary, it suggests that the surgery had a minimal impact on Roughgarden's ability to work, as Roughgarden alleges that he worked from home during his recovery from surgery and that he returned to the office within four days.

### ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the Defendants' motions to dismiss are DENIED with respect to Roughgarden's age discrimination claim under FEHA, and GRANTED, with leave to amend, with respect to all other claims. Any amended complaint must be filed within thirty (30) days of the date of this order.

DATED: 03/09/11

JEREMY FOGEL
United States District Judge