United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

JEFFREY D. ROUGHGARDEN,

Plaintiff(s),

v.

YOTTAMARK, INC., et. al.,

Defendant(s).

/

NO. 5:10-cv-04098 EJD (PSG)

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

[Docket Item Nos. 30, 32, 42, 48]

Defendants Yottamark, Inc. and ADP Total Source (collectively, "Defendants") move to dismiss the First Amended Complaint ("FAC") filed by Plaintiff Jeffrey D. Roughgarden ("Roughgarden") after his original complaint was dismissed for failure to state a claim. The FAC now contains only two claims for age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et. seq. and the California Fair Employment and Housing Act ("FEHA"), California Government Code § 12900 et. seq. The court finds these motions suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). As such, the hearing scheduled for July 15, 2011, is vacated, and for the reasons set forth below, Defendants' motions to dismiss will be denied.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Roughgarden is 60 years old. FAC at ¶ 15. He received a doctorate degree in engineering from Stanford University in 1982, has certifications in the field of database development, and has

[1] This disposition is not designated for publication in the official reports.

extensive experience in the field of database engineering. Id. at ¶ 9. On December 18, 2007, Roughgarden was hired by Yottamark as a Staff Database Architect, a position for which he was well-qualified due to this education and work history. Id. ADP was retained by Yottamark to act as Roughgarden's co-employer. Id. For the first portion of his employment, Roughgarden was primarily responsible for the creation and implementation of Yottamark's database. Id. at ¶ 10.

Roughgarden had an exemplary work record. Id. at ¶ 11. However, on February 24, 2009, Vice President Sean Calhoon issued to Roughgarden a Performance Improvement Plan ("PIP"), which cited Roughgarden for failing to communicate with his supervisors and for failing to "fit in" with the other employees. Id. at ¶¶ 11, 17. The PIP was vague and lacked supporting information. Id. at ¶ 11. Roughgarden did not respond in writing to the PIP because he had just recently returned to work after undergoing invasive back surgery and because he feared adverse employment consequences. Id. He was ultimately terminated from his employment at Yottamark on September 15, 2009. Id. at ¶ 13.

Roughgarden alleges that the statements contained in the PIP were pretextual and that he was terminated because of his age. Id. at ¶ 14. In support of this claim, Roughgarden alleges Yottamark maintains an unstated "youth-oriented" hiring policy to recruit younger employees while at the same time seeking to reduce the number of older employees. Id. at ¶ 15. He alleges that three other employees, each 45 years of age and older, were terminated and replaced by younger employees. Id. Roughgarden himself was replaced by another, much younger individual. Id. Roughgarden further alleges that virtually all of the employees in either inferior or equal positions were much younger, and that Yottamark encouraged these employees to segregate themselves from the older employees. Id. at ¶ 16.

On March 16, 2010, Roughgarden filed an employment discrimination claim with the Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing. Id. at ¶ 18. He received a right-to-sue letter from the EEOC on June 14, 2010. Roughgarden then commenced this case on September 13, 2010. Id.

In his original complaint, Roughgarden included claims against Defendants for

discrimination based on race, national origin and disability in addition to claims based on age. After Defendants filed motions to dismiss, the court dismissed with leave to amend all of the claims save for Roughgarden's claim for age discrimination under FEHA, which the court found sufficient. Roughgarden filed the FAC on February 23, 2011. These motions followed.

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

If dismissal is granted, leave to amend should be freely allowed "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Fed. R. Civ. P. 15(a). Where

United States District Court
For the Northern District of California

amendment to the complaint would be futile, the court may order dismissal with prejudice. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

**B. Claim 1: Violation of ADEA**

The ADEA prohibits an employer from engaging in discrimination against an employee because of an employee's age. 29 U.S.C. § 623(a). In order to state a prima facie case for age discrimination under the ADEA, a plaintiff must demonstrate that he (1) is at least 40 years of age; (2) was performing his job satisfactorily; (3) was discharged; and (4) was either replaced by substantially younger employees with equal or inferior qualifications or was discharged under circumstances otherwise giving rise to an inference of age discrimination." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1281 (9th Cir. 2000). This inference can be established by "showing the employer had a continuing need for [the employees'] skills and services in that their various duties were still being performed...or by showing that others not in their protected class were treated more favorably." Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207-08 (citing Coleman, 232 F.3d at 1281). Ultimately, the allegations must establish that the plaintiff's age was the "but-for" cause of the adverse decision. Gross v. FBL Fin. Servs., 129 S.Ct. 2343, 2351 (2009).

The first three elements are in not directly in dispute here, and indeed, the FAC easily satisfies these elements. Roughgarden alleges he was 60 years old at the time of the adverse action, was qualified for his job with a "long and stellar employment history," and was discharged by Yottamark on September 15, 2009. FAC at ¶¶ 9, 13, 15. Instead, Defendants focus on the fourth element. They each argue Roughgarden failed to demonstrate his age was the "but-for" cause of his termination since he did not allege the employee who replaced him possessed equal or inferior qualifications. Additionally, Defendants argue Roughgarden failed to put forward factual allegations sufficient to raise an inference of age discrimination.

The court agrees with defendants on the first point. In the FAC, Roughgarden now alleges he was replaced by a much younger employee, namely Joshua Bond. But that is the entirety of the allegation. There are no allegations as to Bond's qualifications or experience for the position previously held by Roughgarden. Since those facts are required to make a prima facie case based on

replacement by a younger employee, Roughgarden cannot rely on this new allegation alone to meet the fourth element. See Coleman, 232 F.3d at 1281

As to the second point, the court disagrees with Defendants. Looking at the FAC as a whole, Roughgarden alleges that Yottamark maintains a "youth-oriented" hiring policy in order to entice younger employees and to reduce the number of older employees, that after his termination he was replaced by the younger Bond, that all employees in an inferior or equal position were much younger than Roughgarden, that Yottamark encouraged the younger employees to segregate themselves from the older employees, and that three other employees each older than 45 were terminated and replaced by younger individuals. Taken in combination, these allegations are "sufficient to 'nudge' his claim of age discrimination 'across the line from conceivable to plausible,' because they contain circumstantial evidence to suggest plausibility that Defendants acted with discriminatory intent." Roughgarden v. Yottamark, Inc., No. 5:10-CV-04098 JF (PSG), 2011 U.S. Dist. LEXIS 24895, at *7-8 (N.D. Cal. Mar. 9, 2011) (citing Iqbal, 129 S.Ct. at 1951; Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-12 (2002)). That was the conclusion reached by this court's predecessor, and it is the same conclusion adopted by this court consdiering the degree of proof necessary to establish a prima facie case under the ADEA is minimal, even at the summary judgment stage. Coleman, 232 F.3d at 1281. Roughgarden has therefore alleged sufficient facts to raise an inference of age discrimination. At the very least, the above-stated allegations show that Yottamark still had a need for an employee with Roughgarden's vocational skills even after his termination, and also show that younger employees were favored by Yottamark. See Diaz, 521 F.3d at 1207-08. Defendants' suggestion that the court previously found these allegations insufficient is contradicted by the plain language of the order. Because Roughgarden has now plead a plausible claim under the ADEA, Defendants' motions to dismiss this claim will be denied.

**C. Claim 2: Violation of FEHA**

Due to the similarity between FEHA and federal discrimination laws, California courts look to pertinent federal precedent when examining a FEHA claim. Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 354 (2000). For that reason, the prima facie elements of a FEHA claim are substantially

United States District Court
For the Northern District of California

similar to that under the ADEA. Id. at 355 ("Generally, the plaintiff must provide evidence that (1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive.").

As stated above, the court previously determined Roughgarden's factual allegations were sufficient to state a claim for relief under FEHA for age discrimination. There is no reason to alter this decision, especially since Roughgarden has now sufficiently plead a discrimination claim under the federal statute. The same allegations which establish Roughgarden's ADEA claim also establish a plausible FEHA claim. Accordingly, Defendants' motion to dismiss this claim will also be denied.

## III. ORDER

Based on the foregoing, the motion hearing scheduled for July 15, 2011, is VACATED. Defendants' motions to dismiss (Docket Item Nos. 30, 32, 42, 48) are DENIED.

IT IS SO ORDERED.

Dated: July 13, 2011

EDWARD J. DAVILA
United States District Judge

United States District Court
For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Madonna Ann Herman mah@mmker.com
Cortney Lynn McDevitt Mcdevitc@jacksonlewis.com
Robert King Prothro, Jr rkprothrolaw@hotmail.com

**Dated: July 13, 2011**

**Richard W. Wieking, Clerk**

**By: /s/ EJD Chambers**
**Elizabeth Garcia**
**Courtroom Deputy**